# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

FENKELL STOP PLUS, INC.,
AHMAD KHALIL,

           Plaintiffs,

              v.                    Case No. 2:10-cv-11417
                                         HON. PATRICK J. DUGGAN

UNITED STATES OF AMERICA,         Magistrate Judge Michael Hluchaniuk
THOMAS VILSACK, *Secretary,*
UNITED STATES DEPARTMENT
OF AGRICULTURE,

           Defendants.

_____ /

## STIPULATED PROTECTIVE ORDER

       Based on the stipulation of the parties as reflected by their signatures below, it is hereby

**ORDERED**, pursuant to Federal Rule of Civil Procedure 26(c) that:

       1.     This Protective Order shall govern the production and disclosure of any documents,

electronically stored information, materials, things, discovery material (including responses to

interrogatories, depositions, and requests to admit), materials filed with the Court, or testimony in

this action.

       2.     This order is entered for the purpose of protecting against the disclosure of the

investigative law enforcement techniques and analysis used in the Anti-Fraud Locator using EBT

Retailer Transactions ("ALERT") system of the of the Food and Nutrition Service of the Department

of Agriculture of the defendant, the United States of America.  This order is entered for the further

purpose of safeguarding the privacy of recipients of electronic benefit transfer ("EBT") cards, issued

as part of the Supplemental Nutrition Assistance Program ("SNAP"), under 7 U.S.C. § 2011 *et seq.*

and 7 C.F.R. § 271 *et seq.*  *See* 5 U.S.C. § 552a; 7 U.S.C. § 202(e)(8); 7 C.F.R. § 272.1(c).

3.     This order permits the disclosure, in the course of this action, of information regarding ALERT and EBT card recipients or authorized representatives, covered by the Privacy Act, 5 U.S.C. § 552a, reasonably necessary or useful to respond to discovery or to defend this action. The order does not otherwise affect any objections to discovery made pursuant to the Federal Rules of Civil Procedure. This order permits defendant to produce ALERT and EBT card information for transactions occurring at the store owned by the plaintiff, Fenkell Stop Plus, Inc., from September 2008 to February 2009.

4.     Such information shall be disclosed by defendant only to plaintiffs through their attorney. Plaintiffs' attorney shall not disclose any of the records or information to any person unless the disclosure is reasonably and in good faith calculated to aid in the preparation and/or prosecution of this case. Plaintiffs' attorney shall insure that any person, excepting himself, his staff, and the Court and its personnel, to whom disclosure may be made pursuant to this order shall, prior to such disclosure, have read and understood this order and acknowledged an agreement to be bound by this order. Such records shall be maintained in strict confidence by plaintiffs' attorney and by plaintiffs. Plaintiffs and their attorneys are prohibited from copying such records or disclosing or discussing their contents, except as is necessary for purposes of this litigation.

5.     Any discovery materials disclosed to plaintiffs under this order shall be used only to prepare for and to prosecute this action.

6.     All records of defendant produced pursuant to this order in response to plaintiffs' requests shall be deemed confidential and proprietary, and the production and use of said records in this civil action shall proceed only in accordance with the following terms:

a.     Defendant shall only designate records as subject to this order that defendant

2

reasonably believes warrant such treatment, and shall notify plaintiff in writing of all records so designated;

b.      Plaintiffs may challenge such designation by motion to the Court, and such motion shall contain a certification that plaintiffs have in good faith conferred or attempted to confer with defendant in an effort to resolve any disagreement about such designation;

c.      Counsel for plaintiffs will be provided with one copy of protected material, except as otherwise agreed to by the United States Attorney. No copies are to be made, other than those incidental to incorporation into a brief, or other document or material to be filed with this Court. Any such copy of the protected material to be submitted to or filed with the Court shall be the subject of a joint or unopposed motion for leave to file under seal, pursuant to E.D. Mich. LR 5.3;

d.      Records produced by defendant pursuant to this order shall be disclosed only to plaintiff's attorney, and they may be disclosed by plaintiffs' attorney to plaintiffs. These records shall be maintained in strict confidence by plaintiffs' attorney and by plaintiffs;

e.      All records, copies, and summaries thereof, save those filed with the Court, shall be returned to defendant (or destroyed upon agreement of defendant) within sixty (60) days after termination of this litigation. "Termination of this litigation" shall occur upon the entry of a final order of this court, or the expiration of the time for an appeal of the final order of the district court by any party, or the entry of the mandate by the court of appeals after the disposition of an appeal of the final order

of the district court by any party, or the denial of a petition for writ of certiorari by the Supreme Court, or the disposition of an appeal by the Supreme Court, whichever applies. Plaintiffs shall certify that all records and copies thereof have been returned to defendant, or, if defendant agrees, destroyed; and

f.      The parties shall take all reasonable steps to protect the privacy of individuals who are not parties to this litigation in any filing with the court that contain records or summaries of records that are protected by this order.

7.      This order does not constitute a ruling on the question of whether particular records are discoverable or admissible, and it shall not be construed as a waiver by defendant of any objections which might be raised as to the admissibility of any records that are produced pursuant to this order.

8.      This order does not prevent the United States Attorney from asserting any legally cognizable privilege to withhold any document or information.

9.      As referenced in Paragraph 6(c) above, this order does not authorize the filing of any documents under seal. Documents may be sealed only if authorized by statute, rule, or order of the Court. A party seeking to file under seal any paper or other matter in any civil case pursuant to this section shall file and serve a motion that sets forth (i) the authority for sealing; (ii) an identification and description of each item proposed for sealing; (iii) the reason that sealing each item is necessary; (iv) the reason that a means other than sealing is not available or unsatisfactory to preserve the interest advanced by the movant in support of the seal; (v) a memorandum of legal authority supporting the seal. *See* E.D. Mich. LR 5.3. The movant shall not file or otherwise tender to the Clerk any item proposed for sealing unless the Court has granted the motion required by this section.

10.     Whenever a motion to seal is filed, the movant shall submit a proposed order which states the particular reason the seal is required.  The proposed order shall be submitted to the Court via the link located under the "Utilities" section of CM/ECF.  If a motion to seal is granted, the documents to be filed under seal shall be filed electronically by the movant.

11.     Any allegations of abuse or violation of this order will be considered by the Court either for purposes of determining whether it should enter sanctions, including a contempt of court order.

S/Patrick J. Duggan
Patrick J. Duggan
United States District Judge

Dated:  August 18, 2010

I hereby certify that a copy of the foregoing document was served upon counsel of record on August 18, 2010, by electronic and/or ordinary mail.

S/Marilyn Orem
Case Manager

FAKIH & ASSOCIATES, P.L.L.C.

BARBARA L. McQUADE
United States Attorney

/s/ Sam Fakih     (with consent)
SAM FAKIH (P68876)
Attorney for Plaintiffs
16030 Michigan Ave., Ste. 200
Dearborn, Michigan  48126
(313) 846-6300
sfakih@fakihlaw.com

/s/ Theresa Urbanic
THERESA URBANIC (P68005)
Assistant U.S. Attorney
Attorney for Defendant
211 W. Fort Street, Suite 2001
Detroit, Michigan 48226-3211
(313) 226-9778
theresa.urbanic@usdoj.gov

Dated: August 18, 2010